IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sheryl Mahoney, | C/A No. 3:12-cv-01095-JFA |
| Plaintiff, | |
| vs. | |
| Summerton Police Dept., *Town of Summerton*, | **Order** |
| Defendant. | |

In this employment discrimination case, Sheryl Mahoney ("Plaintiff") sued her former employer, Summerton Police Department, Town of Summerton ("Defendant"), asserting claims under (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; (2) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and (3) 42 U.S.C. § 1981 ("section 1981").

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1]  Before the Magistrate Judge, Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, ECF No. 20, which is the motion currently before this court.

On January 16, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this court grant Defendant's motion for summary judgment. ECF No. 39.  Plaintiff filed objections to the Report.  ECF No. 40.  Thus, this matter is ripe for the court's review.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

**I.     Analysis**

Plaintiff asserts four specific challenges to the Report. She objects to the Report's suggestions that (1) Plaintiff, for purposes of a race discrimination claim, was not similarly situated to a white, male police officer ("Coleman") because his request for accommodation was for a limited period in time; (2) Plaintiff was not a qualified individual with a disability for purposes of her ADA claim; (3) Plaintiff's hostile work environment allegation did not rise to the severe and egregious level necessary for such a claim; and (4) Plaintiff failed to establish a prima facie case of retaliation. The court will consider each, starting with the objection to the Report's conclusions on retaliation.

**A.  Retaliation**

In the Report, the Magistrate Judge opines that Plaintiff has failed to prove that she engaged in a protected activity for purposes of retaliation and that Plaintiff has shown no causal connection between any protected activity and adverse action. As a result, the Magistrate Judge recommends that this court grant summary judgment in favor of Defendant on those claims.

In her objections, Plaintiff appears to argue that a causal connection existed. However, Plaintiff provides no new arguments in support of this assertion. Instead, she reiterates that she was terminated after requesting that she be allowed to present the issues involved with her

employment to the Town Council, and that she was treated substantially different from male police officers after she complained about differential treatment.

After a careful review of the record, the court finds no proof that Plaintiff conveyed to Defendant a reasonable belief that the actions complained of violated federal law.  Therefore, the Magistrate Judge correctly concluded that Plaintiff has failed to show a protected activity.

Furthermore, this court finds that the record has failed to show that Defendant took adverse action because Plaintiff engaged in a protected activity.  Thus, the Magistrate Judge properly concluded that Plaintiff has not established a causal connection.  Accordingly, the court adopts the Report as to Plaintiff's retaliation claims.

### B.  Hostile Work Environment

The Magistrate Judge suggests that Plaintiff's claims fail because the events at issue did not rise to the egregious conduct required for a hostile work environment.  Measured against Supreme Court and Fourth Circuit Court of Appeals precedent, the Report opines that Plaintiff's claims involved events that were neither frequent, nor prolonged, nor sufficiently severe.  Thus, the Magistrate Judge suggests that those claims fail as a matter of law.

In her objection, Plaintiff concludes that it is improper to evaluate one incident for purposes of a hostile work environment claim and that a court should consider actions over a period of time.  However, Plaintiff then submits that specific events—the comment by her direct supervisor that she should let the threats roll off, and his offering of a book on how to handle trauma—together with general assertions that her supervisor did not like African-Americans and failed to retain African-Americans, were sufficient to show a hostile work environment.

Having found nothing in the record to support claims for a hostile working environment, this court agrees with the Magistrate Judge's conclusions and adopts the Report's recommendation to grant summary judgment in favor of Defendant as to that claim.

### C. Race and Disability Discrimination

The Report concludes that Plaintiff's discrimination claims under section 1981[2] and under the ADA fail as a matter of law.  For purposes of Plaintiff's race discrimination claims, the Report suggests that Plaintiff was not similarly situated to Coleman because his request for accommodation was for a limited period in time.  As to Plaintiff's ADA claims, the Report opines that Plaintiff was not a qualified individual with a disability.  Plaintiff objects.  Because this court finds that there are genuine disputes as to material facts underlying both causes of action, it respectfully rejects this part of the Report.

## II. Conclusion

Accordingly, the court hereby grants Defendant's motion for summary judgment as to Plaintiff's claims of retaliation and hostile work environment, and denies Defendant's motion as to Plaintiff's discrimination claims under section 1981 and under the ADA.  This case will be calendared for trial during the two-month term of court beginning on May 8, 2014.

IT IS SO ORDERED.

March 28, 2014                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

---

[2] Plaintiff has conceded that she did not administratively exhaust any race-based Title VII claims.  Therefore, she is pursuing her race discrimination claim under section 1981 alone.